**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| STEPHEN TANNER HANSEN, individually; CLARK LEFEVRE, individually, and as parent of CRAIG LEFEVRE, <br><br> Plaintiffs, <br><br> vs. <br><br> LIBERTY MUTUAL FIRE INSURANCE COMPANY, a foreign corporation; C.R. CHANDLER; DOES 1 through 10; and ROE CORPORATIONS 1-10. <br><br> Defendants. | Case No. 2:11-cv-01519-GMN-CWH <br><br> **ORDER** |

Pending before the Court is Plaintiffs Stephen Tanner Hansen and Clark Lefevre's Emergency Motion to Alter, Amend, Set Aside, Reconsider, and/or Provide Relief from the September 30, 2012 Order of the Court. (ECF No. 32.) For the reasons below, the Motion is denied.

**I.    BACKGROUND**

This case arises out of the denial of coverage under a homeowner's insurance policy. The facts of the case are set forth in the Court's prior Order (ECF No. 30), which granted Defendant Liberty Mutual Fire Insurance's ("Defendant") Motion for Summary Judgment. Shortly after that Order was entered, Plaintiffs filed this Motion seeking reversal of the Order. Plaintiffs also filed a notice of appeal (ECF No. 36); however, the Ninth Circuit ordered that the notice of appeal is ineffective pending the resolution of the Motion presently before the Court. (ECF No. 49.)

## II. LEGAL STANDARD

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59(e) and 60(b). Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from the judgment. *Backlund v. Barnhart*, 778 F.2d 1386, 1387 (9th Cir. 1985). "Relief under Rule 60(b)(6) must be requested within a reasonable time, and is available only under extraordinary circumstances." *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981) (internal citations omitted).

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). However, a motion for reconsideration is not a mechanism for rearguing issues presented in the original filings, *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985), or "advancing theories of the case that could have been presented earlier, *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted). Thus, Rule 59(e) and 60(b) and are not "intended to give an unhappy litigant one additional chance to sway the

judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

## III. <u>DISCUSSION</u>

Plaintiffs bring this motion under both Fed R. Civ. P. 59(e) and 60(b). However, the motion has merit under neither. Plaintiffs, with one possible exception, do not present any newly discovered evidence or change in the law, or any different argument from that brought previously in their Opposition (ECF No. 16) to Defendant's Motion for Summary Judgment (ECF No. 11). Plaintiffs appear simply to claim that the Court committed clear error in its determination and attempts to reargue and expound upon the issues presented previously. The Court considered and addressed these issues in its prior Order (ECF. No. 30), and Plaintiffs reiteration here does not constitute facts or law of a strongly convincing nature supporting a reversal.

The one possible exception mentioned is that Plaintiffs have produced deposition testimony obtained after the filing of its Opposition to Defendant's Motion for Summary Judgment, which establishes that Liberty Mutual provided a defense and paid the settlement costs for Jeff Hart in relation to another lawsuit arising out of a 311 Boyz incident. Plaintiffs argue that, in providing this defense, Defendant waived any right to deny coverage for a lawsuit arising out of Jeff Hart's actions as a member of the 311 Boyz. This argument was addressed in the Court's prior Order, but the Court dismissed it, in part, because Plaintiffs had not presented any admissible evidence that Defendant provided coverage in a separate matter.

However, even with the coverage of a separate incident established, Plaintiffs' waiver argument still fails as a matter of law. "[A]n insurer does not waive its right to assert an exclusion where it has provided its insured with adequate notice of an unambiguous exception." *Vitale v. Jefferson Ins. Co. of New York*, 5 P.3d 1054, 1059 (Nev. 2000). In the insurance context, "waiver applies only in instances where the insurer engaged in misconduct, such as 'sandbagging' or failing to investigate a claim, or where the insured relied on an insurer's

misrepresentation to his detriment." *Id.* (citing *Intel Corp. v. Hartford Accident & Indemnity Co.*, 952 F.2d 1551, 1559-60 (9th Cir. 1991)).

As an initial matter, the facts of the separate, covered incident are distinct from those at issue in this case. The deposition testimony included in Plaintiffs' Motion also details that the complaint in the separate lawsuit did not allege that Hart committed an intentional act. Rather, all claims against Hart in that other suit were based in negligence. This stands in stark contrast to the facts of this case, where the event underlying all causes of action was Hart's alleged throwing of rocks at the vehicle. Consequently, providing representation in the separate suit was not a waiver of Defendant's known right to exclude coverage for an intentional act, but rather compliance with the terms of the policy.

Additionally, even assuming Plaintiffs' factual account where Jeff Hart did not throw a rock,[1] providing coverage for the separate incident cannot be considered a waiver under Nevada law. Defendant investigated the claim, and promptly notified the Harts of the denial of coverage and provided the reason for the denial under an unambiguous exception in the policy. Additionally, Defendant made no representation at the time of the separate incident that it would continually provide coverage for intentional acts of Mr. Hart on future, separate claims.[2] Furthermore, even if Defendant had made such representations, explicit or implicit, Plaintiffs have not produced any evidence that the Harts relied on the representation to their detriment.

Thus, the new evidence presented by Plaintiffs does not affect the Court's prior determination and there is no basis to reverse the Order.

/ / /

---

[1] As discussed in the Court's prior Order, Plaintiffs failed to raise a question of material fact by producing any admissible evidence refuting Defendant's evidence that Mr. Hart threw rocks and supporting their version of the facts.

[2] It should also be noted that the parties contractually agreed that any waiver must be in writing. (ECF No. 11-5.) Thus, it would not be reasonable for the Harts to have relied on a representation merely implied through Defendant's providing coverage in a separate, prior incident.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs Stephen Tanner Hansen and Clark Lefevre's Emergency Motion to Alter, Amend, Set Aside, Reconsider, and/or Provide Relief from the September 30, 2012 Order of the Court (ECF No. 32) is **DENIED**.

DATED this 28th day of May, 2013.

_____
Gloria M. Navarro
United States District Judge